MOLDED MATERIALS COMPANY, DIVISION OF CARLISLE CORPORATION, Plaintiff,

v.

INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, et al., Defendants.

Civ. A. No. 76–21.

United States District Court, W. D. Pennsylvania.

Aug. 12, 1976.

---

Norbert J. Pontzer, Ridgeway, Pa., Richard L. Barnes, Tulsa, Okl., for plaintiff.

Andrew J. Conner, James G. Schleicher, Erie, Pa., Richard D. Gilardi, Pittsburgh, Pa., for defendants.

## MEMORANDUM ORDER

WEBER, District Judge.

The employer, Molded Materials Company, brought an action against the International Union of Electrical, Radio, and Machine Workers, its Local 502, and their Officers and employees under 29 U.S.C.A. § 185 [1975]. The plaintiff seeks injunctive relief on the grounds that the unions had violated the "no strike" clause of the current collective bargaining agreement by causing and sanctioning a slowdown.

The Plaintiff employer on February 9, 1976 increased the cure time on its presses without readjusting the incentive pay rates of the operators of the presses, (Defendant Local 502's Brief in Support of its Motion for Summary Judgment, p. 3.) On February 11, 1976, Local 502 filed a grievance regarding the failure of the plaintiff to readjust the incentive pay rates of the operators' of the presses, (Wagner Affidavit, p. 3.) This grievance is now scheduled for arbitration.

The plaintiff alleges that on February 16, 1976, certain employees belonging to Local 502 engaged in a slowdown and failed to cooperate fully toward its termination. The plaintiff filed a grievance on this issue, but we cannot now determine its progress.

Before us are the following motions:

1. The Motion of the Defendant International Union for Summary Judgment or Dismissal.

■ The International Union argues that it is not a party to the collective bargaining agreement, that it did not authorize the alleged slowdown, and that no officer or agent of the International participated at all in the actions complained of. The plaintiff's response fails to raise genuine issues as to these material facts. To hold the International Union liable for alleged ille-

gal conduct by Local 502, the controlling law of this Circuit demands a showing of "complicity" on the part of the International Union in the specific local union activity that gives rise to this plaintiff's cause of action.

> . . . union liability under this theory is imputed from the concerted activity of the membership. Consistent with theory, however, the liability must be limited to the entity whose membership acts in concert. In most cases, . . ., that entity will be the local union. Thus *absent a showing of complicity on the part of the larger union entity*—the District or International Union, for example—*only the local can be held liable* under the mass action theory. Since there is no record evidence demonstrating District 5 or International complicity in the work stoppages, only the Local's liability need be considered. (emphasis added). *United States Corp. v. United Mine Workers,* 534 F.2d 1063 [3rd Cir., 1976].

Molded Materials is clearly not saved by *International Union Operating Engineers v. Metropolitan-Gill-Tecon,* 400 F.2d 261 [10th Cir. 1968], which held that the activity of a representative subjected the International Union to the venue jurisdiction of the United States District Court in Oklahoma, but made no comment on the liability of the International Union for the illegal conduct of the Local.

█ Because Molded Materials has not demonstrated the complicity between the International Union and its Local demanded by *United States Steel Corp.,* supra, an order granting the International's Motion for Summary Judgment will be entered. IT IS SO ORDERED.

2. Defendant Local 502 has moved for Summary Judgment or a Stay of Proceedings Pending Arbitration.

█ Plaintiff responds by showing the existence of various factual issues. Both under the specific language of the current collective bargaining agreement and under the national labor policy, we find this an arbitrable dispute. The decisive factual is-

sues are whether a slowdown has occurred and whether this slowdown violates the collective bargaining agreement. Pending an arbitrator's decision on these questions, this court has no power to grant the injunctive relief sought by the Plaintiff. *Buffalo Forge Co. v. U. S. W. A.,* —— U.S. ——, 96 S.Ct. 3141, 49 L.Ed.2d —— [1976]. If the arbitrator should hold that the collective bargaining agreement has been violated, any claim for damages that the Plaintiff may bring is also determinable by the arbitrator, see *Controlled Sanitation Corp. v. District 128, Inter. Assoc. of Machinists and Aerospace Workers,* 524 F.2d 1324 [3rd Cir. 1975], cert. den., 424 U.S. 915, 96 S.Ct. 1114, 47 L.Ed.2d 319 [1976].

We will, therefore, grant the motion of Defendant Local 502 to stay all proceedings pending the submission of the slowdown grievance and its related issue of damages to arbitration by the Plaintiff. IT IS SO ORDERED.

3. For the foregoing reasons, the Plaintiff's Motion for Summary Judgment is *denied.*